UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

KENDRICK L. DRAPER )
 )
    Petitioner, )
 )
v. ) 1:06-cv-045/1:04-cr-027
 ) *Collier*
 )
UNITED STATES OF AMERICA )
 )
    Respondent. )

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Kendrick L. Draper ("Draper"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

### I. STANDARD OF REVIEW

This court must vacate and set aside Draper's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Draper "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Draper is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986). Having reviewed the motion, the answer, and the records of the case, the Court concludes an evidentiary hearing is not necessary.

## II. **FACTUAL BACKGROUND**

Draper pleaded guilty, without the benefit of a written plea agreement, to possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). He was sentenced to 144 months on the drug conviction and to a consecutive mandatory term of imprisonment of 60 months on the firearm conviction, for a total effective sentence 204 months. Draper did not file a direct appeal.

In support of his § 2255 motion to vacate sentence, Draper alleges the court lacked jurisdiction to enhance his sentence either (1) based upon drug quantities not charged in the indictment and proved beyond a reasonable doubt to a jury or admitted by him or (2) as a career offender. Draper also alleges his attorney rendered ineffective assistance of counsel by failing to file a notice of appeal and thus preventing Draper from reaping the benefits of
2

the Supreme Court rulings in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

### III. DISCUSSION

#### A. Lack of Jurisdiction / Enhanced Sentence

In the Factual Basis in support of Draper's guilty plea, the United States submitted the following summary of the government's evidence:

> a. On April 10, 2003, police executed a search warrant at the defendant's residence, located in the Eastern District of Tennessee, after having previously made a controlled buy of crack from the defendant at that residence. Upon entry, police found a woman standing in the living room and the defendant standing in the kitchen of the residence. Police then spotted the defendant attempted [sic] to hide a baggie of marijuana in the sofa. The defenadnt [sic] then stated that he needed to go to the bathroom, where police followed him. When he got to the bathroom, he tried to flush a bag of crack cocaine down the toilet. Police restrained him and recovered the crack from the toilet bowl.
>
> b. During execution of the warrant, police located the following items:
>
>> 1. Living room - 2 small bags of pot underneath couch pillows;
>>
>> 2. Front bedroom - $240 cash in top dresser drawer;
>>
>> 3. Front bedroom - Scales in top dresser drawer;
>>
>> 4. Front bedroom - Unloaded .45 caliber Derringer in night stand;
>>
>> 5. Front bedroom - Unloaded sawed off 12 gage shotgun behind night stand;

3

6. Front bedroom - Miscellaneous papers including power bill w/ defendant's name listed on top of dresser drawers;

7. Front bedroom - Manual scales and shotgun shells in box underneath the bed;

8. Front bedroom - Loaded Interarms .44 caliber special revolver beside the bed;

9. Front bedroom - 5 white pills in top dresser drawer;

10. Front bedroom - Safe with miscellaneous papers and $158 cash (also including money receipts sent to California for a total of $20,000);

11. Defendant's right shoe - 1 bag of marijuana;

12. Defendant's car - 1 bag of marijuana in the center console;

13. Kitchen - 1 bag of marijuana in top cabinet;

14. Living room - 1 marijuana bong behind the couch; and

15. Defendant's pants pocket - $144 cash.

The controlled substances seized lab tested to approximately 1.4 grams of cocaine base ("crack") and 8.6 grams of marijuana.

c. The officers advised the defendant of his Miranda rights, which he waived in writing. The defendant admitted that the handguns found in the bedroom were his and that he was a convicted drug felon. He stated that the sawed off shotgun belonged to a family member. He told police that he used to sell crack and pot, had quit for a period of time, and then recently restarted selling because of hard times. He stated that the wired money receipts to California went to an ex-firlgriend [sic] who was getting cocaine from a guy in California.

4

[Criminal Action No. 1:04-cr-27, Court File No. 17, Factual Basis for Plea, pp. 1-2]. Draper indicated at the time of his guilty plea that he substantially agreed with the Factual Basis. [*Id*., Presentence Report, p. 5, ¶ 14].

Draper's total offense level on the drug conviction was 31. [*Id*., Presentence Report, p. 6, ¶ 23]. This included a three-level reduction for acceptance of responsibility [*id*. at 6, ¶ 22] and a base offense level of 34 [*id*. at 5, ¶ 16]. The base offense level resulted from a calculation of 9,446.178 kg of marijuana equivalent based upon the amount of marijuana, cocaine base, cash, and money receipts found at Draper's residence. [*Id*. at 4, ¶¶ 10-11]. Draper was found to be a career offender within the meaning of USSG § 4B1.1 [*id*. at 5-6, ¶ 21] and therefore his total offense level remained at 31 and his criminal history category was enhanced to VI [*id*. at 8, ¶ 32]. The advisory guideline sentence range on the drug conviction was 188 to 235 months based upon a total offense level of 31 and a criminal history category of VI. [*Id*. at 11, ¶ 50]. Together with the minimum mandatory term of imprisonment of 60 months on the gun conviction, Draper's effective advisory guideline sentence range was thus 248 to 295 months. Nevertheless, because Draper was determined to be a career offender and was also convicted under 18 U.S.C. § 924(c), his effective advisory guideline sentence range on the convictions was 262 to 327 months pursuant to USSG § 4B1.1(c). [Criminal Action No. 1:04-cr-27, Presentence Report, p. 11, ¶ 50].

Draper objected to the drug amount in the presentence report, specifically the conversion of the money receipts and cash to a marijuana equivalency. He also objected to his status as a career offender. At sentencing, the court determined Draper was properly

classified as a career offender and his advisory guideline range was properly calculated. The court, however, under the discretion afforded by *Booker*, sentenced Draper to a term of imprisonment of 144 months on the drug conviction and 60 months on the gun conviction, for a total effective sentence of 204 months.[1]

Draper challenges the court's enhancement of his sentence with respect to drug quantities not charged in the indictment or determined by a jury as well as his enhancement as a career offender. He relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Supreme Court considered an enhanced punishment for a firearm conviction under New Jersey's hate crime statute, and held: "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." *Id*. at 490 (emphasis added).

Draper was sentenced to 144 months on the drug conviction, which is below the statutory maximum penalty of 20 years for possession with intent to distribute an indeterminate quantity of cocaine base. 21 U.S.C. § 841(b)(1)(C). Accordingly, *Apprendi* was not implicated in his sentencing.

With respect to Draper's enhancement as a career offender, the Supreme Court clearly made an exception in *Apprendi* for prior convictions and that exception has not changed in

---

[1] In its response to the § 2255 motion, the United States quotes the reasoning given by the court in imposing a non-guideline sentence. [Court File No. 7, Response, p. 4]. Apparently, the United States is referring to the Statement of Reasons attached to the Judgment of Conviction. The Statement of Reasons, however, is not part of the record in either the civil or criminal case.

6

the intervening years. *See United States v. Bradley*, 400 F.3d 459, 462 (6th Cir. 2005) ("From *Apprendi* to *Blakely* to *Booker*, the Court has continued to except such factfinding [of prior convictions] from the requirement of the Sixth Amendment."); *United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005) ("[T]here is no language in *Booker* suggesting that the Supreme Court, as part of its remedial scheme adopted in that case, intended to alter the exception to *Apprendi* allowing district courts to consider the fact and nature of prior convictions without submitting those issues to the jury.").

Draper was properly found to be a career offender, within the meaning of USSG § 4B1.1, based upon his prior felony convictions for attempted possession of cocaine for resale and possession of marijuana for resale. Accordingly, Draper's challenge to his sentence enhancement lacks merit.

### B. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970),

7

Draper must demonstrate the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, Draper bears the burden of proving by a preponderance of the evidence his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

The Sixth Circuit has held that "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). The Sixth Circuit emphasized, however, "that a defendant's actual 'request' is still a critical element in the Sixth Amendment Analysis. The Constitution does not require lawyers to advise their clients of the right to appeal." *Id*. *See also Regalado v. United States*, 334 F.3d 520, 524-526 (6th Cir. 2003) (failure to file an appeal is not ineffective assistance of counsel where attorney was not specifically instructed to do so).

8

Case 1:06-cv-00045   Document 13   Filed 02/09/09   Page 8 of 10   PageID #: 17

In an affidavit attached to his § 2255 motion, Draper states he instructed LaFonda Jones to file a notice of appeal. [Court File No. 3, Affidavit of Kendrick Draper]. The Federal Defender Services of Eastern Tennessee Inc., was originally appointed to represent Draper and Ms. Jones, an attorney with that organization, filed the notice of Draper's intent to plead guilty. [Criminal Action No. 1:04-cr-27, Court File No. 16, Notice of Intent to Plead Guilty]. The Federal Defender Services also represented Draper at the change of plea. [*Id*., Court File No. 19, Court Minutes]. However, Martin Levitt was later substituted as retained counsel of record for Draper [*id*., Court File No. 31, Order] and he represented Draper at sentencing, not Ms. Jones [*id*., Court File No. 34, Court Minutes].

In an affidavit filed subsequent to the government's response, Draper now states he instructed Mr. Levitt to file the appeal. [Court File No. 12, Attachment 2, Affidavit of Kendrick Draper]. Under the circumstances, Draper's allegations lack credibility.

In addition, Draper alleges his attorney's failure to file a notice of appeal prevented him from reaping the benefits of the Supreme Court's decisions in *Blakely* and *Booker*. Draper was sentenced after the *Booker* decision and in fact received the benefit of that decision: as noted earlier, under the discretion afforded by *Booker*, the court sentenced Draper to an effective sentence of 204 months, well below the advisory effective guideline sentence range of 262 to 327 months.

Based upon the foregoing, Draper's allegation his attorney failed to file an appeal does not state a claim of ineffective assistance of counsel under the *Strickland* standard. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).

9

**IV. CONCLUSION**

Draper is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Draper leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Draper having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

An appropriate order will enter.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**